FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 31, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TONI L,[1] <br><br>        Plaintiff, <br><br>   vs. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] <br>        Defendant. | No. 2:20-cv-00221-MKD <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 17, 18 |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 17, 18. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 17, and grants Defendant's motion, ECF No. 18.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

ORDER - 2

1    In reviewing a denial of benefits, a district court may not substitute its

2    judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

3    1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

4    rational interpretation, [the court] must uphold the ALJ's findings if they are

5    supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674

6    F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

7    ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless

8    "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

9    *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

10    decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

11    *Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

13    A claimant must satisfy two conditions to be considered "disabled" within

14    the meaning of the Social Security Act.  First, the claimant must be "unable to

15    engage in any substantial gainful activity by reason of any medically determinable

16    physical or mental impairment which can be expected to result in death or which

17    has lasted or can be expected to last for a continuous period of not less than twelve

18    months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

19    impairment must be "of such severity that he is not only unable to do his previous

20    work[,] but cannot, considering his age, education, and work experience, engage in

ORDER - 3

1  any other kind of substantial gainful work which exists in the national economy."

2  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

3       The Commissioner has established a five-step sequential analysis to

4  determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

5  404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner

6  considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

7  416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

8  Commissioner must find that the claimant is not disabled. 20 C.F.R. §§

9  404.1520(b), 416.920(b).

10       If the claimant is not engaged in substantial gainful activity, the analysis

11  proceeds to step two. At this step, the Commissioner considers the severity of the

12  claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the

13  claimant suffers from "any impairment or combination of impairments which

14  significantly limits [his or her] physical or mental ability to do basic work

15  activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c),

16  416.920(c). If the claimant's impairment does not satisfy this severity threshold,

17  however, the Commissioner must find that the claimant is not disabled. *Id.*

18       At step three, the Commissioner compares the claimant's impairment to

19  severe impairments recognized by the Commissioner to be so severe as to preclude

20  a person from engaging in substantial gainful activity. 20 C.F.R. §§

ORDER - 4

404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

ORDER - 5

the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On December 19, 2017, Plaintiff applied both for Title II disability insurance benefits and Title XVI supplemental security income benefits alleging an amended

ORDER - 6

disability onset date of December 1, 2015.[3]  Tr. 15, 104-05, 235-38, 240-52.  The

applications were denied initially and on reconsideration.  Tr. 140-46, 151-56.

Plaintiff appeared before an administrative law judge (ALJ) on April 30, 2019.  Tr.

34-66.  On May 21, 2019, the ALJ denied Plaintiff's claim.  Tr. 12-33.

At step one of the sequential evaluation process, the ALJ found Plaintiff,

who met the insured status requirements through December 31, 2020, has not

engaged in substantial gainful activity since December 1, 2015.  Tr. 17.  At step

two, the ALJ found that Plaintiff has the following severe impairments: persistent

depressive disorder; anxiety; posttraumatic stress disorder (PTSD), moderate;

minor neurocognitive disorder, secondary to remote cerebrovascular accident

(CVA from 2005); cannabis use disorder; migraines; and degenerative changes at

the L5-S1 level of the lumbar spine.  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of a listed

impairment.  Tr. 18.  The ALJ then concluded that Plaintiff has the RFC to perform

light work with the following limitations:

---

[3] Plaintiff previously applied for Social Security Disability benefits on February

22, 2016; the application was denied on June 1, 2016, and Plaintiff did not appeal

the denial.  Tr. 75.

ORDER - 7

Regarding postural abilities, [Plaintiff] has no limitations regarding the ability to balance, kneel, crouch (i.e., bend at the knees), and has the ability to frequently climb ramps or stairs and occasionally stoop (i.e., bend at the waist), crawl, or climb ladders, ropes, or scaffolds. [Plaintiff] has no limitations regarding her hands or upper extremities. [Plaintiff] has the unlimited ability to see, hear or communicate. Regarding the environment, [Plaintiff] has no limitations, except she should avoid concentrated exposure to loud noise and hazards, such as dangerous machinery and unprotected heights, and should not have even moderate exposure to vibration. Regarding mental abilities, [Plaintiff] has the ability to understand, remember or apply information that is simple and routine, commensurate with SVP3. Regarding interaction with others, [Plaintiff] would work best in an environment in proximity to, but not close cooperation, with co-workers and supervisors, and although she has the ability to interact appropriately, [Plaintiff] would work best in an environment away from the public. Regarding the ability to concentrate, persist or maintain pace, [Plaintiff] has the ability, with legally required breaks, to focus attention on work activities and stay on task at a sustained rate; complete tasks in a timely manner; sustain an ordinary routine; regularly attend work; and work a full day without needing more than the allotted number or length of rest periods. Regarding the ability to adapt or manage, [Plaintiff] would work best in an environment that is routine and predictable, but does have the ability to respond appropriately, distinguish between acceptable and unacceptable work performance, or be aware of normal hazards and take appropriate precautions.

Tr. 20-21.

At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work. Tr. 25. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as cafeteria attendant, price marker, and cleaner,

ORDER - 8

housekeeping.  Tr. 26.  Therefore, the ALJ concluded Plaintiff was not under a

disability, as defined in the Social Security Act, from the amended alleged onset

date of December 1, 2015, through the date of the decision.  Tr. 27.

On April 20, 2020, the Appeals Council denied review of the ALJ's

decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for

purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

her disability insurance benefits under Title II and supplemental security income

benefits under Title XVI of the Social Security Act.  Plaintiff raises the following

issues for review:

1.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2.  Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 17 at 14.

## DISCUSSION

### A. Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to rely on reasons that were clear and

convincing in discrediting her symptom claims.  ECF No. 17 at 14-17.  An ALJ

engages in a two-step analysis to determine whether to discount a claimant's

testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

ORDER - 9

1    "First, the ALJ must determine whether there is objective medical evidence of an

2    underlying impairment which could reasonably be expected to produce the pain or

3    other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

4    "The claimant is not required to show that [the claimant's] impairment could

5    reasonably be expected to cause the severity of the symptom [the claimant] has

6    alleged; [the claimant] need only show that it could reasonably have caused some

7    degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

8        Second, "[i]f the claimant meets the first test and there is no evidence of

9    malingering, the ALJ can only reject the claimant's testimony about the severity of

10   the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

11   rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

12   omitted).  General findings are insufficient; rather, the ALJ must identify what

13   symptom claims are being discounted and what evidence undermines these claims.

14   *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v.

15   Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

16   explain why it discounted claimant's symptom claims)).  "The clear and

17   convincing [evidence] standard is the most demanding required in Social Security

18   cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.

19   Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

20

ORDER - 10

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence. Tr. 21.

*1. Inconsistent Objective Medical Evidence*

The ALJ found Plaintiff's symptom claims were inconsistent with the objective medical evidence. Tr. 22-23. An ALJ may not discredit a claimant's

ORDER - 11

symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.152(c)(2), 416.929(c)(2).

The ALJ found Plaintiff's allegations of disabling mental health and neurological limitations were inconsistent with the objective medical evidence. Tr. 22-23. While Plaintiff alleges ongoing memory limitations and headaches due to her history of a stroke, Tr. 323, there is no evidence of significant decline in her cognitive functioning, Tr. 22. Plaintiff did not have any sensory deficits nor neurologic deficits, and her balance was normal at her physical consultative examination, and the examiner opined Plaintiff's prognosis related to her history of a stroke was good. Tr. 559. The ALJ also noted that the testifying psychological expert opined that Plaintiff's symptoms appear to be associated with situational stressors. Tr. 22, 40-41. Further, the ALJ noted there is limited evidence Plaintiff needed treatment for her mental health symptoms beyond medication refills, and

1   she had gaps in her treatment including no treatment in 2017. *Id.*  At Dr. Bruner's

2   examination, Plaintiff had slow, but logical speech, normal thoughts though she

3   was preoccupied with her problems, she was tearful, but was oriented, she recalled

4   one of three items after a delay but performed five digits forward and three

5   backward, spelled "world" forward and backward, and performed serial sevens

6   with two errors.  Tr. 552-53.  At Dr. Arnold's examination, Plaintiff had logical

7   speech, normal appearance and behavior, moderately depressed/anxious mood,

8   tearful affect, normal thoughts, concentration, fund of knowledge, and perception,

9   though she had abnormal memory, abstract thought, and insight/judgment.  Tr.

10   594.  In support of her argument that the evidence is consistent with her reports,

11   Plaintiff points to her and her fiancé's reports of Plaintiff's symptoms and

12   limitations, as well as the medical opinions.  ECF No. 17 at 14-16.  However,

13   Plaintiff waived the arguments related to the medical opinions, and fails to point to

14   any objective evidence to support her argument.

15        The Court notes that the ALJ also stated there is no evidence that Plaintiff

16   had a stroke, Tr. 21, which is inconsistent with the medical records that state that

17   an MRI of the brain showed an "old stroke," Tr. 406, however the erroneous

18   statement is harmless because the ALJ found Plaintiff's minor neurocognitive

19   disorder secondary to a remote cerebrovascular accident was a severe impairment,

20

1    Tr. 17, thus the ALJ considered Plaintiff's history of a stroke and its potential

2    impact.  *See Molina,* 674 F.3d at 1115.

3         The ALJ also found Plaintiff's allegations of limitations due to her physical

4    impairments were inconsistent with the objective medical evidence.  Tr. 22.  While

5    Plaintiff reports ongoing physical symptoms, she has not sought any ongoing

6    significant treatment for her physical conditions.  *Id.*  Imaging of Plaintiff's

7    cervical spine demonstrated some broad-based disc bulging, but no nerve root

8    compression and no facet joint arthritis.  Tr. 22, 387-88, 406.  Plaintiff had some

9    limitations in her range of motion on examination, but no weakness or

10   radiculopathy, and she had a negative straight leg raise test.  Tr. 558-59.  While

11   Plaintiff alleges disability in part due to fibromyalgia, she had zero trigger points

12   on examination.  Tr. 23, 559.  On this record, the ALJ reasonably found Plaintiff's

13   symptom claims were inconsistent with the objective evidence.  This was a clear

14   and convincing reason, along with the other reason offered, to reject Plaintiff's

15   claims.

16        *2. Activities of Daily Living*

17        The ALJ found Plaintiff's symptom claims were inconsistent with Plaintiff's

18   activities of daily living.  Tr. 22.  The ALJ may consider a claimant's activities that

19   undermine reported symptoms.  *Rollins*, 261 F.3d at 857.  If a claimant can spend a

20   substantial part of the day engaged in pursuits involving the performance of

exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair*, 885 F.2d at 603; *Molina*, 674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

The ALJ pointed to several activities that indicate Plaintiff's functioning is not as impaired as alleged. Tr. 20, 22-23. While Plaintiff reported preferring not to go out alone, the ALJ noted Plaintiff was able to go places by herself. Tr. 22. Plaintiff began caring for her mother in 2016 and was encouraged to look into becoming her caregiver. Tr. 22, 423. Plaintiff met her fiancé in 2016 and moved in with him in 2017, and her fiancé reported that Plaintiff was able to go out daily, and though she needs someone to accompany her, she does sometimes go out alone, she can cook, shop, handle her personal care, clean, and care for her son, and that nothing had changed in her activities since Plaintiff's disabilities began. Tr. 22-23, 288-93. Plaintiff also reported having no difficulties with her personal care, being able to handle household chores for a few minutes at a time, shop in stores, and handle her own money. Tr. 309-12. Plaintiff also reported not having difficulty paying attention or getting along with others. Tr. 20, 313-14. Plaintiff

ORDER - 15

1  offers a different interpretation of her activities of daily living and argues her

2  activities support a finding she has marked limitations.  ECF No. 17 at 15.

3  However, the Court may not reverse the ALJ's decision based on Plaintiff's

4  disagreement with the ALJ's interpretation of the record.  *See Tommasetti v.*

5  *Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[W]hen the evidence is susceptible

6  to more than one rational interpretation" the court will not reverse the ALJ's

7  decision).  The ALJ reasonably found that Plaintiff's activities of daily living were

8  inconsistent with her claims of disabling mental health limitations.  This was a

9  clear and convincing reason, supported by substantial evidence, to reject Plaintiff's

10 symptom claims.  Plaintiff is not entitled to remand on these grounds.

11   **B.  Medical Opinion Evidence**

12       Plaintiff contends the ALJ erred in his consideration of the opinions of John

13 Arnold, Ph.D.; Leah Gilliver, PA-C; and Troy Bruner, Ed.D.  ECF No. 17 at 17-19.

14 As an initial matter, for claims filed on or after March 27, 2017, new regulations

15 apply that change the framework for how an ALJ must evaluate medical opinion

16 evidence.  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017

17 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c,

18 416.920c.  The new regulations provide that the ALJ will no longer "give any

19 specific evidentiary weight…to any medical opinion(s)…"  *Revisions to Rules*,

20 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a),

ORDER - 16

416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other

ORDER - 17

medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).[4]  However, when two or more medical opinions

_____

[4] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations.  ECF No. 18 at 8-14; ECF No. 19 at 5-7.  The Court finds resolution of this question unnecessary to the disposition of this case.  "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis of medical opinions, or some variation of those standards."  *Gary T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must defer to the new regulations, even where they conflict with prior judicial precedent, unless the prior judicial construction 'follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.'"  *Gary T.,* 2010 WL

ORDER - 18

1  or prior administrative findings "about the same issue are both equally well-

2  supported ... and consistent with the record ... but are not exactly the same," the

3  ALJ is required to explain how "the other most persuasive factors in paragraphs

4  (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3),

5  416.920c(b)(3).

6       In the opening brief, Plaintiff generally argued that the ALJ improperly

7  rejected treating and examining opinions, but Plaintiff relied on the old regulations,

8  which do not apply to this case.  ECF No. 17 at 17-19; *see* 20 C.F.R. §§ 404.1520c,

9  416.920c.  Further, in the argument section regarding the medical opinion

10  evidence, Plaintiff failed to address any of the reasons the ALJ offered to reject the

11  opinions beyond arguing that the ALJ erred in giving more weight to

12  nonexamining opinions over examining opinions.  *Id.*  In the argument section

13  regarding Plaintiff's symptom claims, Plaintiff states the ALJ found Dr. Bruner's

14  opinion was not supported by the record which is "untrue," and the ALJ found Dr.

15  _____

16  3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet*

17  *Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d

18  Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld

19  unless 'they exceeded the Secretary's authority [or] are arbitrary and

20  capricious.'").

ORDER - 19

Arnold's opinion was not persuasive because it was based on Plaintiff's self-report and contained little supporting information, which is "not true since her symptoms are well supported in the treatment records."  ECF No. 17 at 17.  Plaintiff also notes the ALJ found Ms. Gilliver's opinion was not persuasive because it was not consistent with the medical records, which Plaintiff argues is not true as there is evidence Plaintiff had severe symptoms.  *Id.* at 16.

In addition to making only the most general assertions of error, Plaintiff fails to support those assertions with any citations to the applicable regulations or to the record.  While Plaintiff summarized the medical evidence earlier in the motion, Plaintiff failed to tie the evidence to the arguments.  Plaintiff's arguments repeatedly state the medical records support the medical opinions, without a single citation to the medical records.  ECF No. 17 at 16-18.  In the reply, Plaintiff argues she addressed the reasons the ALJ gave for discounting the medical evidence, ECF No. 19 at 3, but Plaintiff again only mentions that the ALJ gave more weight to the nonexamining opinions than the examining/treating opinions and states the ALJ found the opinions were inconsistent with the medical records, which is "untrue," *Id.* at 3-7.  Plaintiff failed to point to which portions of the opinions were improperly rejected and does not set forth an argument as to how the rejection of Dr. Bruner nor Ms. Gilliver's opinions was harmful error.

1  The court ordinarily will not consider matters on appeal that are not

2  specifically and distinctly argued in an appellant's opening brief.  *See Carmickle v.*

3  *Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  The Ninth

4  Circuit "has repeatedly admonished that [it] cannot 'manufacture arguments for an

5  appellant.'"  *Independent Towers v. Washington,* 350 F.3d 925, 929 (9th Cir.2003)

6  (quoting *Greenwood v. Fed. Aviation Admin.,* 28 F.3d 971, 977 (9th Cir.1994)).

7  Rather, the Court will "review only issues which are argued specifically and

8  distinctly." *Independent Towers*, 350 F.3d at 929.  When a claim of error is not

9  argued and explained, the argument is waived.  *See id.* at 929-30 (holding that

10 party's argument was waived because the party made only a "bold assertion" of

11 error, with "little if any analysis to assist the court in evaluating its legal

12 challenge"); *see also Hibbs v. Dep't of Human Res.,* 273 F.3d 844, 873 n.34 (9th

13 Cir. 2001) (finding an allegation of error was "too undeveloped to be capable of

14 assessment").

15 Defendant argues Plaintiff waived the argument that the ALJ erred in

16 rejecting the medical opinions.  ECF No. 18 at 8-9.  The Court agrees with

17 Defendant that Plaintiff's opening brief is inadequate, and thus Plaintiff has waived

18 any arguments regarding the medical opinions.  An opening brief must contain the

19 Plaintiff's contentions, the reasons for the contentions, and citations to the

20 authority and portions of the record on which Plaintiff relies.  *See Independent*

ORDER - 21

1    *Towers*, 350 F.3d at 930.  By failing to provide the reasons for her contentions, not

2    citing to the relevant regulations nor to any records that support her contentions,

3    Plaintiff waived the arguments.

4        The Court also notes Plaintiff's counsel has repeatedly filed opening briefs

5    with this Court in which he failed to adequately brief the arguments.  *See, e.g.,*

6    *Lovina R. v. Comm'r of Soc. Sec. Admin.,* No. 2:17-cv-00271-FVS (E.D. Wash.

7    Sept. 25, 2018) (Report and recommendation, ECF No. 17 at 6-10) (Adopted Oct.

8    11, 2018); *Debbie L. v. Saul,* No. 2:20-cv-00034-MKD (E.D. Wash. Jan. 11, 2021)

9    (ECF No. 18 at 15, 23, 25-27); *Stanford R. v. Saul*, No. 2:18-cv-00113-SAB (E.D.

10   Wash. Mar. 20, 2019) (Report and recommendation, ECF No. 20 at 11, 19)

11   (Adopted April 11, 2019); *Timothy A. v. Saul,* No. 2:18-cv-00154-SAB (E.D.

12   Wash. Mar. 20, 2019) (Report and recommendation, ECF No. 20 at 8-10, 17)

13   (Adopted April 11, 2019); *Benjamin V.,* No. 2:18-cv-00159-SAB (E.D. Wash.

14   Mar. 27, 2019) (Report and recommendation, ECF No. 19 at 14, 17, 22-24)

15   (Adopted May 30, 2019); *Ezra B.*, No. 2:19-cv-00041-MKD (E.D. Wash. Oct. 15,

16   2019) (ECF No. 17 at 18-19); *Lonnie P. v. Saul*, No. 2:18-cv-00169-RMP (E.D.

17   Wash. Mar. 21, 2019) (Report and recommendation, ECF No. 17 at 13-18, 21-22)

18   (Adopted April 9, 2019); *Adriana R. v. Saul,* No. 2:20-cv-00261-MKD (E.D.

19   Wash. April 14, 2021) (ECF No. 21 at 9-10, 16).  Plaintiff's counsel has been

20   repeatedly admonished for the inadequate briefing yet has continued to make

general arguments that he fails to develop with any specificity. Given Plaintiff's waiver of the issue, the Court declines to address Plaintiff's challenge to the ALJ's medical opinion analysis.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED August 31, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 23